JANVIER, Judge.
Mrs. Rose Martorana, wife of Anthony Lange, having sustained physical injuries while riding on the front seat of an automobile operated by her husband, brought this suit for damages against Liberty Mutual Insurance Company of Boston, Massachusetts, the liability insurance carrier of her husband. She alleged that, at about 11:45 o’clock on the morning of November 26, 1949, while her husband was at the wheel of the car on Julia Street, between Tchoupitoulas and So. Peters Streets, in New Orleans, he operated it “in such a manner as to cause a piece of loose iron or steel to fly up and strike your petitioner on the back of the head * * She further alleged that her husband was grossly negligent in the operation of his car in that “he failed to lessen the excessive speed of the said car * * *; that he was inattentive to his surroundings, which were unobstructed * *
Plaintiff also alleged that the doctrine of res ipsa loquitur is applicable.
The defendant insurer admitted the issuance of the policy, but denied that the husband of plaintiff was in any way negligent in the operation of the car, or in failing to keep a proper lookout, and averred that if the car struck a loose piece of steel or iron, it was through no fault of plaintiff’s husband, and that if any such piece of steel or iron was in the roadway, its presence could not have been “expected or anticipated by him.”
From a judgment dismissing her suit, plaintiff has appealed.
There is not one word in the record from which it can be positively determined just how the accident occurred. All that is shown is that, as the car was being driven along the street, some object struck plaintiff in the head. She did not know, nor did any one else, what it was nor where it came from.
Plaintiff’s husband says that, as he was driving the car, he “heard something like a pistol shot,” and saw his wife “slump forward.” He says that he stopped the car and got out of it and noticed about ten feet back of it a piece of iron which he identified as a “piece of the railroad track.” Neither he nor the plaintiff saw the iron before the occurrence.
Plaintiff says that if there had been anything in the road, she would have seen it.
It is shown that plaintiff’s husband filed suit against the City of New Orleans, by and through the Public Belt Railroad Commission, to recover for the medical, hospital and other expenses caused by the accident, and in his petition he alleged that the piece of iron was “left laying loose alongside the track, or near it where it was unknown and unseen by automobile drivers, or pedestrians, passing at that spot.” It is shown that this suit of plaintiff’s husband was compromised, and that, in addition to the compromise settlement which the Public Belt Railroad Commission made with the husband, it paid to her $100 in settlement of her claim for damages against the Public Belt Railroad Commission. It is true that, in making that settlement, the present plaintiff reserved any rights which she might have had against the insurer of her husband.
There is nothing whatever in the record which would indicate fault on the part of plaintiff’s husband, and it follows that there is no liability in his insurer unless it can be said that, as a result of the doctrine of res ipsa loquitur, the burden was placed on *291 defendant to show that there was no negligence on the part of its insured.
Whether that doctrine is applicable in such a situation was fully considered and discussed by us in Hebert v. General Accident Fire & Life Assur. Corporation, La. App., 48 So.2d 107,109. The situation there was identical with that which is found ■here. There the plaintiff was the wife of the operator of the car. She was sitting on the front seat with him. The car left the roadway as a result of causes which were not explained in the record. It was contended that the doctrine of res ipsa loquitur was applicable. We said:
w * * * We see no reason for the application of the doctrine to such a case as this. Here plaintiff was seated on the front seat alongside her husband. She does not claim that she was reading or was asleep, nor that for any other proper reason she was not familiar with what was occurring. In fact, while she does not say that she was watching her husband and was watching the road ahead, she does give evidence which warrants the conclusion that she had focussed her attention on him and on the road. She said that there was nothing that her husband did that might have caused the accident.”
We say the same thing here. The only possible distinction lies in the fact that, in the Hebert case, the wife said that there was nothing that her husband did which might have caused the accident. Here she said that if there was anything in the roadway, she was looking ahead and yet did not see it.
The doctrine “res ipsa loquitur” is not applicable, and there is no evidence whatever showing fault on the part of the husband.
We cannot overlook the inconsistency between the claim which plaintiff made against the railroad and the claim which she presents here against her husband’s insurer, for, although that claim against the railroad was based on the theory that there had been left in the roadway a piece of metal which could not be seen, the present claim is based on the theory that her husband should have seen the metal and should have avoided striking it.
Consequently, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.